TORBERT, Chief Justice
(concurring in part and dissenting in part).
I agree with the extension of the opinion on rehearing setting forth the procedure for filing applications for rehearing in future cases that are remanded in accordance with Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). However, I dissent as to the overruling of the application for rehearing.
BEATTY, HOUSTON and STEAGALL, JJ., concur.
ON RETURN AFTER REMAND
PER CURIAM.
After this case was remanded to the trial court for a consideration of appellants’ claims that the verdict was excessive, the trial judge entered an order in which he found:
“[T]he damages awarded in the amount of $350,000.00 were arrived at by the jury after careful and thorough deliberation and were not the result of any passion, bias, sympathy, prejudice, corruption or any other improper motive.”
He based his conclusion upon these findings:
“The Plaintiff and her deceased husband had other life insurance policies in effect on her husband with Travelers Insurance Company and Liberty National Insurance Company in the total amount of $110,000.00 for approximately seven to eight years prior to the time they were approached by Bullock. On April 5th, 1983, Bullock, representing John Hancock, convinced the Plaintiff and her husband that they should secure a policy with John Hancock for $200,000.00 even though the Plaintiff and her husband both told Bullock that Glen had had various medical problems as well as treatment in at least three hospitals and probably couldn’t pass a physical. In his zeal to convince them to cancel the Travelers and Liberty policies and take out the Hancock policy, Bullock represented to them that they didn’t need to tell anyone else about these medical problems, and particularly, they didn’t need to tell Dr. Allen, who was to perform the physical examination since they had already told Bullock and he was John Hancock and ‘what they don’t know won’t hurt them.’ Relying on these intentional misrepresentations by Bullock, the Plaintiff’s husband did not mention his past medical problems to Dr. Allen. Bullock even conceded at the trial that he picked up the completed application form by [from] Dr. Allen after the exam and he knew when he sent it in that some if not all of the information contained thereon was incorrect. The Travelers and Liberty policies were cancelled by the Plaintiff and her husband and they were left with a Hancock policy based on fraud and misrepresentation intentionally perpetrated upon her by Hancock’s agent, Curtis Bullock.
*726 “By his deliberate and malicious fraud, Bullock not only caused the plaintiff to lose $110,000.00 worth of policies she could have collected but to have a $200,-000.00 policy that would be denied. His statement that ‘what they don’t know won’t hurt' them’ illustrates his callous disregard for the Plaintiff’s insurance needs and her rights in general.
“It is my opinion that after hearing the evidence and the law, the jury made the decision to award the plaintiff compensatory damages in the amount of $200,-000.00 based on the amount of the Hancock policy and punitive damages in the amount of $150,000.00 to punish Bullock and Hancock for the intentional and malicious fraud. Such punitive damages are certainly appropriate to deter insurance agents, who are placed in the position of accepting applications, from committing similar acts on other innocent parties in the future. It is my feeling that the award of $150,000.00 in addition to the amount which would be payable under the policy would certainly have a considerable impact upon all insurance agents in their dealings with prospective policyholders and would encourage them to reveal the complete truth to the prospective applicants for the policies. Insurance policies, and particularly life insurance policies, are sold on the basis that they will at least partially relieve the disastrous effect on a family of the death of the head of that family and if an agent is allowed to misrepresent the truth when he accepts the application, such a purpose would be for naught. There was no evidence whatsoever during the trial of this case that the jury was influenced by any bias, passion, corruption or other improper motive, in reaching their verdict on the damages and therefore the award is certainly not excessive. The verdict of $350,000.00 would serve to punish Bullock and Hancock for the fraud and misrepresentation perpetrated upon the Plaintiff by Bullock’s actions and would also serve to deter other insurance agents from making the same or similar misrepresentation in accepting applications for insurance policies on behalf of their companies.”
John Hancock and Bullock objected to the order, one of their principal objections being that the trial judge had made certain findings of fact in his order dated September 30, 1987, that were not supported by the evidence. The trial judge reconsidered his order of September 30, and entered the following supplemental order:
“On motion filed by the Defendants, the Court has reconsidered its previous Order on Remand With Directions, which was dated September 30, 1987, and would hereby direct and amend said Order to reflect that the issue of intentional or reckless misrepresentation was submitted to the jury and they were instructed that a judgment [sic] for the Plaintiff could be returned upon a finding that any misrepresentations were made, either intentional or reckless in nature. Therefore, the Order dated September 30, 1987, is amended to reflect that the jury could have made the finding that the misrepresentations perpetrated by Curtis Bullock and John Hancock on the Plaintiff, Lois Annette Pierce, and upon which she relied to her detriment, could have been either intentional or reckless in nature and the Court would therefore not substitute its opinion for the opinion of the jury in this regard.
“The Court would affirm any and all other of its findings with respect thereto and contained in its Order dated September 30, 1987, and would once again ORDER, ADJUDGE AND DECREE: That the Defendants’ Motions for New Trial, are still denied, based on the same factors in the Court’s Order since the Court once again concludes that the damages awarded were not excessive and were not the result of any bias, passion, corruption, sympathy, prejudice, or any other improper motive.”
We have previously affirmed the judgment insofar as it imposed liability. Upon consideration of the trial court’s order on remand, we are of the opinion that the *727 award of damages, likewise, is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and ADAMS, JJ., concur.
BEATTY, J., dissents.